United States District Court
Middle District Tennessee

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)      v.                         **CIVIL ACTION NO.** 3:16-cv-02468
)
) Steven Pratt, Pelvic Thrust Media, LLC, Anvil Advertising, Inc., The SV Trust, Praza, LLC, Bumrush media, LLC, PDL Protect, LLC, Rusty Robot Media, LLC, Bad Loan Relief, LLC, Michelle Dobler, Berman and Rabin, PA, Argo Marketing Group, Inc., Jason Levesque, Alpha Connect, LLC, Nick Fasci, The Commodum Trust, and MessageMedia U.S.A, Inc.

)     John/Jane Doe 1-10
)     Defendants.

### Plaintiff's Second Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Pelvic Thrust Media, LLC is a Florida corporation operating from 1451 W. Cypress Creek Road, ste 212, Fort Lauderdale, FL 33309 and can be served via corporate officer and registered agent Steven Pratt at 1743 S. State Road 7, # 204, North Lauderdale FL, 33068 or 1451 W. Cypress Creek Road ste 212, Fort Lauderdale 33309

3. Anvil Advertising, Inc., is a defunct Florida corporation that can be served via registered agent and corporate officer Steven Pratt at 1743 S. State Road 7 # 204, North Lauderdale, FL 33068 or 1451 W. Cypress Creek Road, ste 212, Fort Lauderdale, FL 33309.

1

4. PDL Protect, LLC is a Florida corporation that can be served via registered agent and corporate officer Steven Pratt at 6499 Powerline Road # 205, Fort Lauderdale, FL 33309.

5. Rusty Robot Media, LLC is a Florida corporation that can be served via registered agent and corporate officers Steven Pratt and Michelle Dobler at 6499 NW 9th Ave., ste 205, Fort Lauderdale, FL 33309.

6. Michelle Dobler is a corporate officer of Rusty Robot Media, LLC and can be served at 6499 NW 9th Ave., ste 205, Fort Lauderdale, FL 33309.

7. Bad Loan Relief, LLC is a Florida corporation that can be served via registered agent Steven Pratt, 1451 W. Cypress Creek Road # 212, Fort Lauderdale, FL 33309 or corporate officer Michelle Dobler, 1451 W. Cypress Creek Road, Fort Lauderdale, FL 33309.

8. BumRush Media, LLC is a Florida corporation that can be served via registered agent Steven Pratt, 1451 W. Cypress Creek Road # 212, Fort Lauderdale, FL 33309 or Corporate officer Michelle Dobler 1451 W. Cypress Creek Road Ste 212, Fort Lauderdale, FL 33309.

9. Steven Pratt is a corporate officer for Pelvic Thrust Media, LLC and can be served at 17454 S. State Road 7 # 204, North Lauderdale, FL 33068 or 1451 W. Cypress Creek Road, ste 212, Fort Lauderdale, FL 33309.

10. Berman and Rabin, PA is a Kansas Professional Association with a registered agent of Daniel Scott Rabin, 15280 Metcalf Ave, Overland Park, KS 66223.

2

11. TRS, Limited is a company that solicited the Plaintiff to buy their products through SMS advertising by Steven Pratt. The Plaintiff is in the process of obtaining their address for Service.

12. Praza, LLC is an Arizona corporation operating from 14747 N. Northsight Blvd., ste 111-400, Scottsdale, AZ 85260 and can be served via registerd agent Registered Agents, Inc., 1846 E. Innovation Park Dr., ste 100, Oro Valley, AZ 85755.

13. The SV Trust is the manager of Praza, LLC and can be served at 14747 N. Northsight Blvd., ste 111-400, Scottsdale, AZ 85260.

14. Alpha Connect, LLC, is an Arizona corporation with a registered agent of Daniel R. Warner, Esq., and can be served at 4502 E. University Dr., Phoenix, AZ 85034.

15. Nick Fasci is the managing individual and owner of Alpha Connect, LLC and can be served at 4041 E. Fairmont Ave., Phoenix, AZ 85018.

16. The Commodum Trust is the managing entity for Alpha Connect, LLC and can be served at 8283 N. Hayden Road., ste 229, Scottsdale, AZ 85258.

17. Argo Marketing Group, Inc., is a Maine corporation and can be served via registered agent is Joshua Golden, PO Box 368, Lisbon Falls, ME 04252.

18. Jason levesque is a natural person who can be served at 8 Cook Street., Presque Isle, Me 04769.

19. MessageMedia U.S.A, Inc. is a California corporaton and can be served via registered agent Mark Rothert, 580 Howard St., ste 102, San Francisco, CA 94105.

## Jurisdiction

20. Jurisdiction of this court arises as the acts happened in this county

3

21. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

22. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their promotional products and services, and these products and services were regularly shipped to Tennessee residents.

## FACTUAL ALLEGATIONS

23. In 2016, the Plaintiff recieved multiple unsolicited and unwanted text messages prompting the Plaintiff to go to odd websites for a beauty kit. Unsolicited text messages have been deemed phone calls under the TCPA. These were touted as "free samples" where the Plaintiff would only pay the shipping and handling fees. This is typical of "negative option marketing" where a consumer must opt out of future charges or they will be charged for a program. These programs have frequently drawn scrutiny from the FTC and multiple class action lawsuits for deceptive marketing practices.

24. All of the text messages were placed to the Plaintiff's cell phones 615-331-7262. All of the text messages redirected the Plaintiff to a website antiagingrewards.com. At antiagingrewards.com, there were a total of 4 products being offered for sale, which were **Chamomile calm** sold by Praza, LLC, **Nu Beauty**, **Ageless Illusion**, which was sold by TRS

4

Limited, and **Metabo Matrix**. The Plaintiff is in the process of identifying the companies that manufacture each of these products and should be able to identify them through the discovery process.

25. The website antiagingrewards.com is owned by Steven Pratt and Anvil Advertising Inc., or Pelvic Thrust Media, LLC both of which are entities owned and controlled by Steven Pratt. The other entities owned or controlled by Steven Pratt to hide money and as alter ego's of the original corporations that engaged in the illegal behavior. Steven Pratt is using these other corporation to hold and launder money generated through these illegal text messaging schemes or are used by Steven Pratt in these illegal marketing schemes.

26. The process works as follows: The Plaintiff would be sent an illegal text message to his cell phone by an entity owned/controlled by Steven Pratt or entities he controlls. The text message would list a website owned and controlled by Steven Pratt that redirects to antiagingrewards.com, which is also owned and controlled by Steven Pratt or entities he controls. On the antiagingrewards website, there would be 4 products sold for which Steven Pratt generates a comission for himself, and the companies selling the products hope to trick unwitting consumers into buying and rebilling at inflated prices later.

27. Steven Pratt or entites he controls signed contractual agreements with each of these 4 companies selling these beauty products to generate

5

leads and sell their products through his efforts for which he would be rewarded with comissions for each sale.

### Details on the text messages sent to the Plaintiff

28. On August 24th, 2016, the Plaintiff recieved a text from 832-637-3574. The text message said *"Greg, just come to http://fj49j.pw and claim your no-risk products from Kim and Kourtney K!"* which is apparently a direct and false reference to Kim and Kourtney Kardashian that actually don't endorse or refer to these products.

29. Another text message on 8/23/2016 from 828-295-2610 stated *"Greg, you may get your 3 no-risk products. Click on http://9f4dem.us"*

30. Another text came in on 8/22/2016 from 336-536-0211 with a nearly identical message to the one in paragraph 11 of the complaint but directed the Plaintiff to go to http://fj49j.site instead.

31. Another text came in on August 20th 2016 from 501-239-5640 with an message of *"Greg, simply click http://jg-48f.xyz and redeem up to 6 risk free products from Kim and Kourtney K."*

32. On August 19th 2016, the Plaintiff recieved a message from 337-313-2642 which stated *"Greg, just click http://dlk49.pw to redeem up to 5 risk-free products by kim and Kourtney!"*

33. On August 14th, 2016 the Plaintiff recieved a text mesage from 501-242-0163 nearly identical to the message in paragraph 11 which stated instead that the Plaintiff should visit *"http://f94-fk.us"*

6

34. On August 13, 2016, the Plaintiff recieved a text from 915-267-1150 stating *"Greg, come and claim up to 5 no-risk products. Visit http://dkfg4-k.us"*

35. On August 12, 2016, the Plaintiff recieved a text from 772-242-4719 which stated *"Greg, come and claim up to 3 no-risk beauty kits. Come to http://dlk49.pw to get full details."*

36. On August 11, 2016, the Plaintiff recieved a text from 281-783-6141 which stated *"Greg, just click to http://f49-fk.us and claim up to 6 no-risk products from Kim K and Kourtney!"*

37. On August 10, 2016, the Plaintiff recieved a text from 920-605-9223 whcih stated *"Greg, please click http://sm-2w.site and redeem your no-risk beauty kits by Kim and Khloe!"*

38. On August 9th, 2016 the Plaintiff recieved a text from 803-393-3417 that stated *"Greg, you can claim your 6 no risk beauty boxes. Visit http://jg-48f-pw to find info."*

39. On August 8th, 2016 the Plaintiff received a text from 720-500-6870 that stated *"Greg, just click to http://f94-fk.us and claim up to 3 risk-free beauty kits from Kim K and Khloe!"*

40. On August 4th, 2016 the Plaintiff recieved a text from 724-821-5175 that stated *"Greg, just click http://argue.host and claim your risk-free beauty kits by Kim K and Kourtney"* and another text from 503-436-6638 that stated *"Greg you can claim up to 2 risk-free products. Visit http://k94-d.bid to see info"*

7

41. On August 3rd, 2016 the Plaintiff recieved a text message from 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 that stated *"Greg, come and claim your 4 no-risk beauty kits. Come to http://among.tech to get details"*

42. On April 29, 2016 the Plaintiff recieved a text message from 740-207-2502 that stated *"PRE-RELEASE! You can try Kim and Kourtney's new skincare line risk-free today! Visit the pre-release portal at http://cpo1.net to get started!"*

43. On April 5th and 19th 2016 the Plaintiff recieved text messages from a short code of 24413 which the Plaintiff is in the process of researching, but the text messages stated *"You were selected as a skincare product tester. To get started today please visit http://goo.gl/PQbk4p to claim your products and reserve your spot."* and *"You were selected to try our new derma cream line free in your home. Visit http://goo.gl/or2xty to get started."*

44. In total, the Plaintiff recieved 19 text messages that were unsolicited and unwanted to his cell phone.

45. As these above named parties stand to profit and benefit from the Plaintiff's enrollment in these programs, they are vicariously liable for the calls as a seller, as defined by the TCPA. Steven Pratt and his entites are directly liable for the calls that were placed, and the entities and managers for the products sold are jointly, severally, and vicariously liable for the damages in question.

46. The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf or for their benefit. They

are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

47. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.

48. These text messages violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5). Additionally, each product offered by each company represents a new cause of action entitling the Plaintiff to $3,000 per call per defendant.

49. The officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

50. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

**TCPA Violations by Argo Marketing Group, Inc. and Jason Levesque**

51. Argo Marketing Group, Inc. was the beneficiary of the illegal text messages sent to the Plaintiff. When reviewing the Plaintiff's credit card bill, the Plaintiff noticed phone numbers that were associated with Argo Marketing Group for several transactions, indicating that Argo Marketing Group sold the products which were advertised in the illegal text message campaign and was paid as a result of the illegal text messages to the Plaintiff.

52. The text messags were placed with the full knowledge of Jason Levesque and Argo Marketing and the individual participation of Jason Levesque with each text message that was sent. The text messages on behalf of Argo Marketing Group, Inc., Jason levesque, and violated 47 USC 227(b) and 47 CFR 64.1200(d).

**TCPA Violations by Alpha Connect, LLC, Nick Fasci, and The Commodum Trust.**

53. Alpha Connect, LLC and the Commodum Trust also benefitted from the the illegal text messages sent to the Plaintiff. The Plaintiff identified several phone numbers associated with Alpha Connect, LLC and the

Commodum trust on the Plaintiff's credit card statement. This indicates that the funds debited from the Plaintiff's credit card were sent directly to Alpha Connect, LLC at the direction of Nick Fasci and the Commodum Trust.

54. Nick Fasci and the Commodum Trust knew and directed the illegal text messages to be placed to the Plainitff's cell phone for each and every text message sent. The text messages on behalf of Nick Fasci and the Commodum Trust violated 47 USC 227(b) and 47 CFR 64.1200(d).

**TCPA Violations by MessageMedia U.S.A, Inc. (Hereafter Message Meda)**

55. Message Media sent the Plaintiff at least 2 illegal text messages that were unrelated to any emergency purpose and were not with the Plaintiff's consent. The offending text messages were sent on April 5th and 19th 2016 with short code 24413, which is similar to a phone number, that the plaintiff has identified as being associated with Message Media. The text messages by Message Media violated 47 USC 227(b) and 47 CFR 64.1200(d).

### FDCPA and TCPA Violations by Berman and Rabin, PA

56. Berman and Rabin, PA is a debt collector and hired Nations Recovery Center, Inc., also a debt collector as defined by the FDCPA, 15 USC 1692, to call and harass the Plaintiff in violation of the TCPA for a non-existent debt owed to some fictitious entity named TRS Limited.

57. Berman and Rabin is liable for all TCPA violations by Nations Recovery Center, Inc., and also violated the FDCPA by making false or misleading

11

representations to the Plaintiff and failed to provide validation to the Plaintiff in response to a dispute about this alleged debt and failed to provide the name and address of the original creditor in response to a dispute.

58. Nations Recovery placed a call to the Plaintiff's cell phone on 11/15/2016 and 11/16/2017 from 888-865-0784 to 615-331-7262 in an attempt to collect a debt. This call was initiated by an automated telephone dialing system as defined by the TCPA.

59. The call violated the FDCPA as they were trying to collect on a debt that doesn't exist on behalf of a company that doesn't exist, claiming the Plaintiff owed $139 to TRS Limited for the Ageless Illusion product. The representation that the Plaintiff owed $139 is a false or misleading representation regarding the character, amount, and legal status of the purported debt. The representation that the Plaintiff owed TRS Limited $139 is a false or misleading representation as no entity named TRS Limited exists that the Plaintiff owes money to.

60. After speaking with multiple agents including the chief compliance officer, no agent could point the Plaintiff to a website, address, or phone number for TRS Limited. The Agents of Nations Recovery couldn't point to any information at all that substantiates that there is even a company or legal entity named TRS Limited that exists.

61. In trying to substantiate the existence of TRS Limited, the agents of Nations Recovery and Berman and Rabin provided multiple false or

12

misleading representations in violation of 15 USC 1692(e) in the course of trying to convince the Plaintiff to pay them.

62. Agents of Nations Recovery first gave false and misleading websites for Nations Recovery, claiming that the website was NRC.com. The chief compliance officer stated that the website for TRS Limited was Terapeak.com. This is incorrect and has nothing to do with TRS limited or the products sold by TRS Limited. Another agent claimed that the website for TRS Limited was TRSlimited.com. This is incorrect as well and is not the website for TRS Limited.

63. In an attempt to coerce the Plaintiff into making a payment, agents even went so far as to make false and misleading representations regarding the credit reporting of the alleged debt and impact it is having on the Plaintiff's credit rating. The agents of Nations Recovery falsely stated that they had reported the debt to the credit bureaus to intimidate and coerce the Plaintiff into making a payment for a non-existent debt.

64. The agent of Nations Recovery stated *"Its a serum that you ordered...or maybe your wife could have ordered it, but I'm not sure. Its attached to your name and social as the debt, and its basicly a negative effect towards your credit."* The Plaintiff asked if they had reported it to the credit bureaus, to which the agent responded *"That is correct, Sir."*

65. When the Plaintiff asked when they reported the debt to the credit bureaus, the agent stated that she couldn't give the Plaintiff a specific date. The Plaintiff then asked if the debt was reporting on his credit right

13

now, to which the agent backtracked and stated that she wasn't sure if Nations Recovery had actually contacted all the credit bureaus or not.

66. Two minutes later, the agent stated that she confirmed with her supervisor that the debt was not actually reported to the Plaintiff's credit report after confirming with her supervisor.

67. Berman and Rabin falsely alleged the Plaintiff owed a debt in violation of the FDCPA 15 USC 1692(e) claiming the Plaintiff owed $139.97.

68. Berman and Rabin failed to provide validation of the alleged debt of $139.97 in response to the Plaintiff's dispute letter to them in violation of 15 USC 1692(g).

69. Barman and Rabin failed to provide the Plaintiff with the name and address of the original creditor as required by 15 USC 1692(h) in response to a dispute letter.

70. Berman and Rabin hired Nations recovery to harass and communicate with the Plaintiff in violation of the FDCPA 15 USC 1692(d) and 47 USC 227(b) by initiating calls to the Plaintiff's cell phones using an automated telephone dialing system.

**Vicarious Liability**

71. In making these calls, the calling entity operated by Steven Pratt was essentially marketing the products offered by each and every manufacturer of the beauty creams and pills sold and others through an agency relationship with Praza, LLC, TRS Limited, and the other manufacturers of the products sold. through an agency relationship with

14

Steven Pratt's entities and as a result of the text messages have been sent on their behalf.

72. The 6th circuit as well as multiple other courts have ruled that there is direct liability to include for corporate actors such as executives like and vicarious liability for corporations that ultimately benefit or sell services/products illegally marketed by 3rd parties. The parties are also jointly and severally liable for the phone calls as well.

73. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of each product manufacturer nd the respective executives/officers of the corporation. These companies knew of the illegal conduct by the entities placing the calls to include quality resources and refused to exercise control or authority over defendants to reduce or eliminate the improper sales methods.

### Actual Damages

74. The Plaintiff has suffered actual damages in the form of the enrollment fees charged. For example, Nubeauty charged the Plaintiff $6.95.

75. Additionally, the Plaintiff has suffered annoyance, frustruation, anger, loss of cell phone use, reduced battery life of his cell phone due to the calls.

### CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

15

76. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

77. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

78. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

79. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## CAUSES OF ACTION:

## COUNT III

### Violations of the Fair Debt Collection Practices Act (FDCPA)

80. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

81. The foregoing actions by the Defendant Nations Recovery Center, Inc constitute multiple breaches of the FDCPA, 15 USC 1692(et seq).

16

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Statutory damages of $1,000 for FDCPA violations by Nations Recovery

D. Actual damages of the enrollment fees and additionally as the court may find warranted at trial.

E. Pre-judgment interest from the date of the phone calls

F. Attorney's fees for bringing this action; and

G. Costs of bringing this action; and

H. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted November 13, 2017

*Craig Cunningham*
Plaintiff,   615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211

17