# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 3:16-cv-02468 |
| | )     Judge Richardson/Frensley |
| STEVEN PRATT, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this action, the Plaintiff, Craig Cunningham, alleges breaches of the TCPA and FDCPA based on text messages he claims to have received as part of a fraudulent scheme alleged to have been conducted or facilitated by Steven Pratt and the other Defendants. Docket No. 37. This matter is currently before the Court on a Re-Filed Motion for Summary Judgment filed by Defendant Argo Marketing Group, Inc. ("Argo"). Docket No. 77. Argo has also filed a Supporting Memorandum of Law and a Statement of Material Facts. Docket Nos. 77-1, 73. For the following reasons, the undersigned recommends that Argo's Motion be GRANTED.

### II. LAW AND ANALYSIS

In addition to making arguments for a finding of summary judgment, Argo also argues that Mr. Cunningham's Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Docket No. 77-1, p. 7-12. As further discussed below, the Court finds that Mr. Cunningham has failed to prosecute his case, such that dismissal under Rule 41(b) is appropriate.

For that reason, it is not necessary for the Court to address Argo's arguments in support of summary judgment.

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978).

Here, the undersigned finds factors two and four to be dispositive. Regarding the second factor (prejudice to the defendant), Argo has been wholly unable to conduct discovery or prepare

its defense, and now is unable to do so, because the discovery deadline passed more than three months ago. Docket No. 50, p. 2. This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Mr. Cunningham has taken no action in this case for over eight months, when he filed a motion asking the Court to issue five additional subpoenas. Docket No. 60. He has not served any of the subpoenas on any of the Defendants (with the exception of subpoenas seeking information from the Defendants) and has not served any subpoena responses he received in this matter on any of the Defendants.[1] Docket No. 73, p. 2. Although Argo sent him written discovery, Mr. Cunningham has failed to respond to those discovery requests. *Id.* at 3. He "failed to issue and serve on all parties any Rule 30(b)(6) notices prior to the expiration of the time to conduct discovery under the Case Management Order." *Id.* Additionally, although he was warned that "[e]ach party is required to keep both the Court and the opposing party or their counsel informed of their current address," (Docket No. 50, p. 1-2) it is undisputed that "[Mr. Cunningham] no longer resides in Tennessee, but failed to apprise Argo of this change of principal address."[2] Docket No. 74, p. 3.

---

[1] Argo has filed a Statement of Material Facts in support of its Motion. Docket No. 73. Mr. Cunningham has failed to respond to Argo's Statement of Material Facts or to file his own Statement of Material Facts. Pursuant to Local Rule 56.01(g), Mr. Cunningham's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment."

[2] While Argo argues that "Plaintiff was clearly warned that his failure to [apprise] the parties and the Court of his current address may result in dismissal," (Docket No. 77-1, p. 8), the Court finds that the actual warning falls a bit short of that assertion: "Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. A party's failure to keep *the Court* informed of his/her current address may result in a recommendation that his action be dismissed for failure to prosecute and for failure to comply with the Court's order." Docket No. 50, p. 2 (emphasis added). Argo does not allege that the Court has not been informed of Mr. Cunningham's current address; the Court does have that information.

Further, Mr. Cunningham has failed to respond to this Motion, which, pursuant to this District's Local Rules, "indicate[s] that there is no opposition to the motion." L.R. 7.01(b). Regarding the fourth factor, given that the discovery deadline in this matter expired three months ago, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

The first factor, willfulness, bad faith, or fault of the plaintiff, is arguably satisfied here as well. Mr. Cunningham, although proceeding pro se, is a regular and frequent plaintiff in this District, and has shown in other matters that he is fully capable of comprehending and following the Local Rules and the Court's Orders. Thus, the Court cannot conclude that his failure to prosecute this case stems from ignorance.

Rule 41(b) states that dismissal for failure to prosecute constitutes an adjudication on the merits "unless the dismissal order states otherwise." Because Mr. Cunningham is a pro se plaintiff, and because Argo has not convinced the Court that Mr. Cunningham was specifically warned that his suit could be dismissed due to his inactions, the undersigned recommends that Mr. Cunningham's Complaint be dismissed without prejudice. While "dismissal of a case for lack of prosecution is appropriate when a pro se litigant fails to adhere to readily comprehended court deadlines," dismissal without prejudice is more in keeping with the Court's strong preference for adjudicating cases on the merits. *May v. Pike Lake State Park*, 8 Fed. App'x 507, 508 (6th Cir. 2001), *citing Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

Because the Court recommends that Mr. Cunningham's Complaint be dismissed under Rule 41(b) due to his failure to prosecute his case, it is unnecessary for the Court to consider Argo's arguments in support of summary judgment.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned recommends that Argo's "Re-Filed Motion for Summary Judgment Against Plaintiff Craig Cunningham" (Docket No. 77) be GRANTED, and that the claims against it be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge