IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CRAIG CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:16-cv-2468 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| STEVEN PRATT, et al., | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are four Reports and Recommendations of the Magistrate Judge (Doc. Nos. 82, 83, 84 and 85), to which no objections have been timely filed. 28 U.S.C. § 636(b)(1)(C).[1]

## STANDARD OF REVIEW

A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C); *Brown v. Bd. of Educ. of Shelby Cty. Schs.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014). The district court is not required to review—under a *de novo* or any other standard—any issue that is not the subject of an objection. *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). If there is no objection to a magistrate judge's recommendation, then the court *may* accept the recommendation without review. *Hampton v. INSYS Therapeutics, Inc.*, 319 F. Supp.

---

[1] Failure to file specific objections within fourteen days of service of the Report and Recommendation can constitute a waiver of any right to raise the matter in further proceedings. Local Rule 72.04.

3d 1204, 1206 (D. Nev. 2018); *Thomas*, 474 U.S. at 149 ("We are therefore not persuaded that the statute positively requires some lesser review by the district court when no objections are filed.") While the statute does not *require* the judge to review an issue if no objections are filed, it does not preclude further review by the district judge. *Id*. at 154. The undersigned district judge has in fact reviewed the recommendations despite the lack of objections thereto.

## ANALYSIS

Each of the four Reports and Recommendations recommends the grant of a Motion for Summary Judgment filed, respectively, by four different Defendants. Despite its name, each "Motion for Summary Judgment" actually is, or at least includes as an alternative, a request to dismiss the Complaint under Rule 41(b) for failure to prosecute. The Magistrate Judge recommends granting the four Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 41(b), based upon Plaintiff's failure to prosecute this action. Plaintiff, who filed this lawsuit, *pro se*, on September 9, 2016, has taken no action in this case for more than eight months. He has failed to respond to Defendants' discovery requests. As noted, he did not respond to the Motions for Summary Judgment or to the Reports and Recommendations.

Fed. R. Civ. P. 41(b) provides that, if a plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it. The Court agrees with the Magistrate Judge that Plaintiff's claims against these Defendants should be dismissed without prejudice, in keeping with the Court's strong preference for adjudicating cases on the merits. *See, e.g.,* Docket No. 82 at 4.

Accordingly, the pending Reports and Recommendation (Doc. Nos. 82, 83, 84 and 85) are **ADOPTED** and **APPROVED**. Thus, consistent with those Reports and Recommendations, the pending so-called Motions for Summary Judgment (Doc. Nos. 75, 77, 78 and 79) all are

**GRANTED**, insofar as they seek dismissal of the Complaint for failure to prosecute under Rule 41(b).[2] Therefore, Plaintiff's claims against Defendants Argo Marketing Group; Praza, LLC; SV Trust; and Berman & Rabin, P.A. are **DISMISSED** without prejudice.

Because Plaintiff has failed to prosecute this action as to any Defendant, Plaintiff's claims against the remaining Defendants also are **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 41(b), as well. In short, the Complaint in its entirety is dismissed without prejudice.

The Clerk is directed to close the file. The pretrial conference set for January 28, 2019, and the trial set for February 12, 2019, are canceled. This Order shall constitute the final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Consistent with the Reports and Recommendation, to the extent that the pending Motions instead seek summary judgment, they have not been ruled on by the Court. This means that there has been no determination on the merits of either Plaintiff's Complaint or any Defendant's Motion for Summary Judgment.